UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br>vs.<br><br>Elet Neilson,<br><br>Defendant. | **Order Continuing Trial and Excluding Time from Speedy Trial Computations**<br><br>Case No. 1:17-cr-043 DB |

Based on Ms. Neilson's stipulated motion to continue (Dkt. __), the Court makes the following findings:

1. Ms. Neilson is charged with tampering with a consumer product and obtaining a controlled substance by fraud. She was arraigned August 16, 2017, which triggered the Speedy Trial Act (Dkt. 1). The Court set an initial trial date of October 23, 2017 (Dkt. 4).

2. On October 5, 2017, Ms. Neilson filed a motion to continue (Dkt. 12). The Court declared the case unusual and complex for speedy trial purposes, continued trial to January 23, 2018, and excluded time under the Speedy Trial Act (Dkt. 13).

3. On January 3, 2018, Ms. Neilson filed a second motion to continue (Dkt. 14). At the time, the defense was having difficulty finding appropriate medical experts. The Court granted the motion, continued trial to May 21, 2018, and excluded time under the Speedy Trial Act (Dkt. 15).

4. On May 14, 2018, Ms. Neilson filed a third motion to continue (Dkt. 21). The government had just produced new discovery. The Court granted the motion, continued trial to September 24, 2018, and excluded time under the Speedy Trial Act (Dkt. 22).

5. On September 17, 2018, Ms. Neilson filed a fourth motion to continue (Dkt. 26). Her attorney, Jamie Z. Thomas, had just withdrawn from the case. The Court granted the motion, continued trial to January 7, 2019, and excluded time under the Speedy Trial Act. (Dkt. 27).

6. On January 3, 2019, Ms. Neilson filed a fifth motion to continue (Dkt. 34). The defense needed more time to review data and statistics generated by the Centers for Disease Control. The Court granted the motion, continued trial to May 6, 2019, and excluded time under the Speedy Trial Act (Dkt. 35).

7. Fifty days have elapsed for speedy trial purposes. This is the sixth request to continue trial. Without a continuance, a three-day jury trial begins May 6, 2019.

8. Ms. Neilson moves to continue trial under 18 U.S.C. § 3161(h)(7).

9. The Court has declared the case unusual and complex for speedy trial purposes. Ms. Neilson is charged with diverting opioid medications while working as a nurse, allegedly infecting seven people with Hepatitis C. The discovery is voluminous, complex, and involves investigative work by the Utah Department of Health (UDOH) and Centers for Disease Control (CDC), among others.

10. Proceeding to trial as scheduled would deny Ms. Neilson the reasonable

time necessary for effective preparation. The defense needs more time to review the CDC's genetic sequencing data, which the government has yet to produce. The defense is also further information from McKay Dee Hospital and UDOH relative to their epidemiological investigation. With timely productions, the defense will finish its investigation in the next 120 days.

11. The parties also need more time to complete plea negotiations. As the Supreme Court recognized in *Lafler v. Cooper*, the criminal justice system is, for the most part, a "system of pleas." 566 U.S. 156, 170 (2012). Those negotiations are complicated in Ms. Neilson's case by the number of alleged victims and the wide variety of outcomes in diversion cases across the United States. If negotiations break down, both sides need more time to secure witnesses, file pretrial motions, draft proposed jury instructions and voir dire, and otherwise prepare for trial.

12. Ms. Neilson is on pretrial release and agrees with the proposed continuance.

13. The government stipulates to the continuance.

14. There are no codefendants.

15. On balance, the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial; therefore, the time requested is excludable under 18 U.S.C. § 3161(h)(7).

Based on these findings, Ms. Neilson's stipulated motion to continue is **granted**. The three-day jury trial set to begin May 6, 2019, is continued to September 9, 2019 at 8:30 a.m.  The time between the filing of Ms. Neilson's

motion and the new trial date is excluded from speedy trial computations for good cause.

Dated April 1st, 2019.

BY THE COURT:

Dee Benson

Dee Benson
Senior United States District Judge