Scott Keith Wilson, Federal Public Defender (#7347)
Adam G. Bridge, Assistant Federal Public Defender (#14552)
Office of the Federal Public Defender-District of Utah
46 W. Broadway, Ste. 110
Salt Lake City, UT 84101
Phone: (801) 524-4010
Email: adam_bridge@fd.org

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| United States of America, | **Defendant's Position with Respect to Sentencing Factors** |
|---|---|
|                   Plaintiff, | |
| vs. | |
| Elet Neilson, | |
|                   Defendant. | Case No. 1:17-cr-43 DB |

Ms. Neilson submits this position statement in accordance with Fed. R. Crim. P. 32(i), DUCrimR 32-1, and USSG §6A1.3. From her perspective, there are two sentencing factors in dispute: (1) the serious bodily injury enhancement at PSR ¶¶ 30 and 36; and (2) the multiple count adjustment at PSR ¶¶ 53-55.

**Serious Bodily Injury Enhancement**

Ms. Neilson respectfully objects to the serious bodily injury enhancement at PSR ¶¶ 30 and 36. The victims' injuries, while serious, are not "serious bodily injuries" as defined by Sentencing Commission.

Under the guidelines, "serious bodily injury" is defined as "extreme physical

1

pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." USSG §1B1.1(M) (2018). The definition is not expansive and should be strictly construed. *United States v. Goldbaum*, 879 F.2d 811, 813 (10th Cir.1989) ("Sentencing Guidelines must be interpreted as if they were a statute or a court rule.").

The guideline definition is limited to actual injury. *Cf.* 18 U.S.C. § 1365(h)(3) (defining "serious bodily injury" to include risk of death). Here, each victim contracted hepatitis C. Hepatitis C is often called a "silent" infection because it rarely causes symptoms. *Hepatitis C – Symptoms and Causes*, Mayo Clinic, available at http://www.mayoclinic.org/diseases-conditions/hepatitis-c/symptons-causes/syc-20354278. People carry the disease for years without knowing it, and a significant percentage of people clear the disease through "spontaneous viral clearance." *Id.*

Of course, hepatitis C can also develop into cirrhosis, liver cancer, and liver failure. *Id.* But none of the victims in this case suffered serious liver damage. Each victim was cured with medication taken every day for two to six months. Ms. Neilson took the same medication. Patient Zero's letter describes the kinds of he injuries he suffered: alarm and inconvenience from the infection; shame and embarrassment because of the stigma of hepatitis C. (Dkt. 52-2).

None of the victims suffered "extreme physical pain" or the "protracted impairment of a function of a bodily member, organ, or mental faculty..." *Id.* And

2

none of them required "surgery, hospitalization, or physical rehabilitation." *Id.*
The record doesn't support the serious bodily injury enhancement at PSR ¶¶ 30 and
36.

## Multiple Count Adjustment

Ms. Neilson respectfully objects to the multiple count adjustment at PSR ¶¶
53-55. Counts 1 and 2 group together under USSG §3D1.2(b) because they share a
common victim and a common scheme or plan.

Under the grouping rules, counts are "closely related" and group together
when they involve "the same victim and two or more acts…connected by a common
criminal objective or constituting part of a common scheme or plan." USSG
§3D1.2(b). Offenses qualify as the same course of conduct "if they are sufficiently
connected or related to each other to warrant a conclusion that they are part of
a[n]…ongoing series of offenses." *United States v. Williams*, 292 F.3d 681, 685 (10th
Cir.2002) (internal citation omitted). Parts of a common scheme or plan are
"connected to each other by at least one common factor, such as common
victims…common purpose, or similar *modus operandi*." *Id.* Temporal proximity is
also a factor. *Id.*

Counts 1 and 2 share a common victim: R.B. PSR ¶ 22. They also share a
common purpose (*i.e.,* diverting narcotic pain medication) and *modus operandi* (*i.e.,*
same method of diversion used each time). PSR ¶ 26. Counts 1 and 2 are separated
by eight days, but they're within the same "temporal proximity" for grouping
purposes. *Williams*, 292 F.3d at 685. Counts 1 and 2 group together under USSG

3

§3D1.2(b).

<h1 align="center">Conclusion</h1>

Ms. Neilson's objections lower her offense level in two ways. Without the serious bodily injury enhancement at PSR ¶¶ 30 and 36, her adjusted offense level for Counts 1 and 2 would be 27. If Counts 1 and 2 group together, her combined offense level on all counts would be 27. After acceptance of responsibility, her total offense level would be 24.

Dated January 7, 2020.

Respectfully Submitted:
**Elet Neilson**

By:   */s/ Adam G. Bridge*
Adam G. Bridge
Assistant Federal Public Defender