Scott Keith Wilson, Federal Public Defender (#7347)
Adam G. Bridge, Assistant Federal Public Defender (#14552)
Office of the Federal Public Defender-District of Utah
46 W. Broadway, Ste. 110
Salt Lake City, UT 84101
Phone: (801) 524-4010
Email: adam_bridge@fd.org

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Elet Neilson,<br><br>    Defendant. | **Defendant's Motion for Downward Departure**<br><br><br><br><br>Case No. 1:17-cr-43 DB |

  Ms. Neilson moves for a downward departure under USSG § 2N1.1, comment (n.1) (2018). The guideline contemplates a downward adjustment if the defendant didn't intend to cause bodily injury.

  Ms. Neilson tampered with consumer products in violation of 18 U.S.C. § 1365(a)—a statute passed in the wake of the infamous Tylenol murders in Chicago in 1982.[1] At its core, the tampering statute punishes malicious and indiscriminate acts taken against the public. The statute also captures reckless conduct like Ms. Neilson's, with severe but unintended consequences.

---

[1] In 1982, seven people in the Chicago area died after taking Tylenol-branded acetaminophen tablets laced with potassium cyanide. A panic ensued, prompting a nationwide recall. Available at http://www.wikipedia.org/wiki/Chicago_Tylenol_murders.

1

The guideline, USSG §2N1.1, tracks the tampering statute. It's been amended twice; the base offense level has always been 25. USSG §2N1.1, comment, *Historical Note*. It starts at a very high base offense level, higher than aggravated assault, robbery, and involuntary manslaughter. *See* USSG §§ 2A2.2, 2B3.1, and 2A1.4. The guideline recommends severe punishment for those who intentionally cause harm to the public.

Given the breadth of the tampering statute, the Commission anticipated "unusual" cases. USSG §2N1.1, comment, (n.1). The application note speaks plainly: if a defendant didn't intend to cause bodily injury, a downward departure may be warranted. *Id.*

Ms. Neilson didn't intend to cause bodily injury. She was a hard-working, dedicated nurse for many years. PSR ¶¶ 89-91. For the last few months of her career, she abused opioid pain medication, which she stole from work because it was readily available. She wasn't trying to harm patients, spread disease, or cause public alarm.

In the course of diverting pain medication for her own use, Ms. Neilson infected herself and seven other people with Hepatitis C. She didn't know she had the disease until August 2015—nine months after she stopped working at McKay-Dee Hospital. PSR ¶ 19. Nationwide panic and harm were not on her radar and she was sickened to learn the full consequences of her actions.

Ms. Neilson's conduct falls outside the heartland of §2N1.1, which is designed to punish purposeful and malicious acts against the public. She didn't intend to

harm anyone at any level and a downward adjustment is warranted USSG § 2N1.1, comment (n.1).

Dated January 7, 2020.

                                        Respectfully Submitted:
                                        **Elet Neilson**

                    By:    */s/ Adam G. Bridge*
                                        Adam G. Bridge
                                          Assistant Federal Public Defender