JOHN W. HUBER, United States Attorney (#7226)
SAM PEAD, Assistant United States Attorney (#11945)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ELET NEILSON, aka Elet Hamblin, <br><br> Defendant. | Case No. 1:17-cr-43 DB <br><br> UNITED STATES' RESPONSE AND OBJECTION TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE <br><br><br> Judge Dee Benson |

Comes now, the United States by and through Assistant United States Attorney Sam Pead, who hereby responds and objects to the Defendant's motion for a downward departure (hereinafter Motion).

In her motion, the Defendant states that the "application note speaks plainly: if a defendant didn't intend to cause bodily injury, a downward departure may be warranted." Motion at 2.

The government does not disagree that the application note speaks plainly, but disagrees with the Defendant's suggested meaning based on her use of only a truncated portion of the note. The applicable clause of the note the Defendant cites to states in full that, "[i]n the unusual case in which the offense **did not cause** a risk of death or serious

bodily injury, and **neither caused** nor intended to cause bodily injury, a downward departure may be warranted." USSG § 2N1.1, Application Note 1 (emphasis added).

The plain meaning of the note is that the downward departure is only justified where the actor did not cause death or serious bodily injury and "neither caused nor intended bodily injury." *Id*. It does not say that not intending to cause bodily injury alone supports a downward departure as the Defendant argues.

In the Defendant's case, a downward departure is not justified under a plain reading of this note for two main reasons, both of which foreclose her claim on their own merits.

First, the Defendant did cause serious bodily injury (which subsumes bodily injury). *See* Presentence Investigation Report ¶ 26. Therefore, she is not entitled to a downward departure under this application note.

Second, the government believes the Defendant had to have intended that bodily injury occur (or at least remain) in her case. "Bodily injury" (as it relates to this case) is defined to include "physical pain." 18 U.S.C. § 1365(h)(4). When this case was investigated, a number of the victims (including S.H., A.T., R.B., J.C., and S.V.) all reported that they received no analgesic effect from the medication that the Defendant administered to them. The medication that should have been administered to them was either hydromorphone or morphine, both of which are strong opiate based pain medications. It is fair to infer from these facts that the Defendant did not in fact administer any beneficial quantity of the medication to these patients, and thereby caused them (at least) bodily injury by allowing them to continue to remain in serious pain when

that pain should have been controlled with the appropriate administration of these drugs. By using the victims' medication to satisfy her own illicit purpose, the Defendant necessarily intended that they continue to experience pain (bodily injury).

Interestingly, the same application note states that "[w]here the offense posed a substantial risk of death or serious bodily injury to numerous victims, or caused extreme psychological injury or substantial property damage or monetary loss, an upward departure may be warranted."

All of those factors exist in this case. The Defendant posed and actually caused serious bodily injury to "numerous" victims. The injury caused serious psychological injury to many of the victims, as well as substantial monetary loss because the treatment for hepatitis was approximately $100,000 per victim, which is in addition to the hospital's financial settlements with victims (unknown) and other work (loss of career) and pecuniary costs with the victims.

In sum, the Defendant's motion for a downward departure is unjustified based on the application note and the facts of this case, and if any departure is warranted in this case it is an upward one.

DATED this 9th day of January, 2020.

JOHN W. HUBER
United States Attorney

/s/ Sam Pead
Sam Pead
Assistant United States Attorney

3