IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ELET NEILSON,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION<br>AND ORDER DENYING MOTION FOR<br>REDUCED SENTENCE**<br><br><br>Case No. 1:17-cr-43<br><br>Judge Dee Benson |

Before the Court is Defendant Elet Neilson's Motion for Reduced Sentence (compassionate release) under 18 U.S.C. § 3582. (Dkt. 64.) The motion has been fully briefed. For the reasons stated herein, Defendant's motion is denied.

## BACKGROUND

On September 25, 2019, Defendant pleaded guilty to two counts of *Tampering with a Consumer Product* in violation of 18 U.S.C. § 1365(a), and two counts of *Fraudulently Obtaining a Controlled Substance* in violation of 21 U.S.C. § 843(a)(3). On January 14, 2020, this Court sentenced Defendant to 60 months of imprisonment followed by 24 months of supervised release.

1

On March 2, 2020, Defendant self-reported to the Bureau of Prisons and began serving her term of incarceration at Federal Prison Camp (FPC) Alderson.  Two months later, on May 5, 2020, Defendant petitioned the Warden for a compassionate release reduction in sentence related to the COVID-19 pandemic.  (Dkt. 66, Ex. 1.)  The Warden denied her petition on May 20, 2020, after concluding that Defendant did not meet the compassionate release criteria.  (Dkt. 66, Ex. 2.)  Defendant asked the Warden to reconsider her petition, and on July 8, 2020, the reconsideration was also denied.[1]

On June 26, 2020, Defendant filed the present motion for compassionate release asking this Court to reduce her sentence so that she can return to her home in Layton, Utah, and reside with her husband and two children. (Dkt. 64 at 3.)  Defendant claims that she is at increased risk of developing severe illness from COVID-19 because she is 53 years old and because she has hepatitis C.  Additionally, Defendant seeks relief based on the current lack of programming at FPC Alderson and because prison conditions during the pandemic are generally unsafe.  The government opposes Defendant's motion, arguing that: (1) Defendant has failed to demonstrate extraordinary and compelling reasons sufficient to warrant a sentence reduction under §3582; (2) Defendant has failed to show she does not pose a danger to the community; and (3) the statutory sentencing factors do not weigh in favor of her release.[2]  (Dkt. 66 at 3-4.)

---

[1] On June 5, 2020, Defendant also filed with the BOP a petition for transfer to home confinement.  That petition is still pending.

[2] The government also opposes Defendant's motion on the ground that Defendant is requesting "home confinement," and the BOP has exclusive authority to designate the place of imprisonment or to transfer a prisoner to home confinement.  *See* 18 U.S.C. § 3621(b). The Court acknowledges that it is without authority to transfer Defendant to home confinement prior to the end of her sentence.  *United States v. Shradeja*, Slip Copy, 2020 WL 45694343, at*4 (D. Utah Aug. 7, 2020).  However, as set forth in footnote 1, Defendant filed a separate request with the BOP seeking a transfer to home confinement on June 5, 2020.  Thus, the Court construes Defendant's request for "home confinement" in this motion (expressly filed pursuant to § 3582(c)) as an extension of her request for a sentence reduction under section 3582(c)(1)(A), which gives courts the ability to "impose a term of probation or

2

**DISCUSSION**

It is well-established that a "district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly grated the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  Title 18 U.S.C. § 3582(c), often referred to as the compassionate release statute, permits a court to modify a term of imprisonment but only under certain conditions.  Previously, these conditions required the Bureau of Prisons (BOP) to bring a motion on a defendant's behalf.  However, in 2018 the compassionate release statute was amended by the First Step Act.  Now, a defendant may file his own motion for relief if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." *United States v. O'Brien*, 2020 WL 4260630, *2 (D. Kan July 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

If the exhaustion requirement is satisfied, a court may reduce a defendant's sentence if, "after considering the factors set forth in Section 3553(a) to the extent they are applicable," the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement is found in U.S.S.G. § 1B1.13.  As pertinent here, this policy statement provides that the court may reduce a term of imprisonment if, after considering the § 3553(a) factors, the court finds that (1) "extraordinary

---

supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."

and compelling reasons warrant the reduction, …"; (2) the defendant is not a danger to the community; and (3) "[t]he reduction is consistent with this policy statement." *Id.*

Application Note 1 to § 1B1.13 lists four categories of extraordinary and compelling reasons: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13 cmt. n.1; *see United States v. Saldana*, -- Fed. Appx. --, 2020 WL 1486892, at *2 (10th Cir. March 6, 2020). Subdivision (D) – "Other Reasons" – is effectively a "catchall" provision that applies when "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* cmt. n.1(D).[3]

It is the defendant's burden to establish that a "compassionate release" is warranted under the statute. *United States v. Wesley*, 2020 WL 3868901, at *1 (D. Kan. June 9, 2020); *see also United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion. *Wesley*, 2020 WL 3868901 at *1 (citing *United States v. Piper*, 893 F.3d 1261, 1265 (10th Cir. 2016)).

---

[3] The Sentencing Commission's policy statement has not been updated since the enactment the First Step Act; in fact, the statement's application notes still require a motion by the BOP. *See* U.S.S.G. § 1B1.13 cmt. n.4. However, since the passage of the First Step Act, "a majority of federal district courts have found that 'the most natural reading of [the amended] § 3582(c) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." *United States v. Harden*, 2020 WL 3056140, at * (D. Colo. June 8, 2020) (quoting *United States v. Brown*, 2020 WL 2091802, at *7 (S.D. Iowa Apr. 29, 2020)). Additionally, the United States Court of Appeals for the Tenth Circuit applied the guidance of U.S.S.G. § 1B1.3 in addressing a *pro se* defendant's compassionate release motion filed pursuant to § 3582(c)(1)(A). *United States v. Saldana*, -- Fed. Appx. --, 2020 WL 1486892, at *2 (10th Cir. March 6, 2020); *see also United States v. Perez*, 2020 WL 1180719, at *2 (D. Kan. March 11, 2020 ("[A] majority of federal district courts have found that the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it.").

Exhaustion

The government concedes that Defendant has satisfied the exhaustion requirement. (Dkt. 66 at 6 ("[T]he Defendant appears to have exhausted administrative remedies making her motion [ ] ripe for this Court to consider.").) Accordingly, the Court turns to the merits of Defendant's motion.

Compassionate Release

The Court next evaluates whether Defendant demonstrates extraordinary and compelling reasons warranting compassionate release. Defendant argues that she is at increased risk of serious illness from COVID-19 because she has hepatitis C and is 53 years old. She also asserts that there is "no effective strategy to adequately socially distance" at FPC Alderson, and with COVID-19 cases "skyrocketing in W. Virginia, it's only a matter of time before it spreads" inside Alderson. (Dkt. 64 at 5.)

Based on the facts before it, the Court concludes that Defendant has failed to satisfy her burden to demonstrate that extraordinary and compelling reasons warrant the relief she seeks. The Court recognizes that "in the context of the current global pandemic, most courts agree that an inmate demonstrates extraordinary and compelling circumstances if she has serious underlying health conditions that place her at an increased risk of serious illness or death from COVID-19 while incarcerated." *United States v. Avalos*, Slip Copy, 2020 WL 5253406, at *3 (D. Kan. Sept. 3, 2020); *United States v. Delgado*, 2020 WL 2464685, at *3 (D. Conn. Apr. 30, 2020) ("Since the outbreak of the COVID-19 pandemic, numerous courts … have held that a defendant's pre-existing health conditions … in combination with the increased risk of COVID-

19 in prisons constitute 'extraordinary and compelling reasons' warranting relief") (collecting cases). Defendant, however, has failed to demonstrate that she has such a condition.

The Centers for Disease Control and Prevention's (CDC) list of underlying medical conditions that put people at risk of severe illness from COVID-19 does not include hepatitis C. https://www.cdc.gov/coronavirus/2019-ncov/ (last accessed Sept. 11, 2020).[4] Although the CDC lists "chronic liver disease" as a factor leading to higher risk due to COVID-19, Defendant does not suffer from chronic liver disease. In fact, the CDC states that they "have no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19." *See* Centers for Disease Control and Prevention, *What to Know About Liver Disease and COVID-19,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last accessed Sept. 11, 2020); *see United States v. Mohammed*, Slip Copy, 2020 WL 3080176, at *2 (D.D.C. June 9, 2020) (citing the CDC and concluding that Defendant's hepatitis B did not provide an extraordinary or compelling reason warranting a sentence reduction). Moreover, Defendant has not claimed or shown that her hepatitis C has been anything but asymptomatic (after treatment) and abated to this point despite being incarcerated. *See United States v. Davis*, 2020 WL 3037249, at *3 (D. Kan. June 5, 2020) (unpublished) (noting that the defendant's "medical conditions, while chronic, appear[ed] to be

---

[4] The list of conditions includes: cancer; chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state (weakened immune system) from solid organ transplant; obesity (body mass index [BMI] of 30 or higher); serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; sickle cell disease; type 2 diabetes mellitus.

well-controlled within the BOP environment" and therefore denying Defendant's motion to reduce sentence).[5]

The Court does not question Defendant's genuine concern about being exposed to or contracting the virus, but general concerns about possible exposure to COVID-19 do not constitute extraordinary or compelling reasons for a sentence reduction. *United States v. Machuca-Quiintana*, 2020 WL 3047596, at *4 (D. Kan. June 8, 2020); *see United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. 2020) ("The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("[T]he mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release."). Fortunately, in this case, the facility where Defendant is incarcerated, FPC Alderson, has yet to have a single confirmed case of COVID-19.[6]

<u>Section 3553(a) Sentencing Factors</u>

Even if Defendant had established "extraordinary and compelling reasons" for a sentence reduction, the Court would nonetheless deny Defendant's motion because the applicable § 3553(a) factors do not warrant an exercise of discretion to reduce Defendant's sentence in this

---

[5] Defendant's claim that her age, 53, puts her at higher risk is likewise unavailing. Although the CDC does state that "people in their 50s are at higher risk for severe illness than people in their 40s," the statement is provided as an "example" of how risk of illness increases with age. In other words, Defendant might be at "higher risk" than someone in their 40s, but that does not mean Defendant is high risk for severe illness from COVID-19 *because* she is 53. The statement must be considered in context: "As you get older, your risk for severe illness from COVID-19 increases. For example, people in their 50s are at higher risk for severe illness than people in their 40s. Similarly, people in their 60s or 70s are, in general, at higher risk for severe illness than people in their 50s. The greatest risk of severe illness from COVID-19 is among those aged 85 or older." https://www.cdc.gov/coronavirus/2019-ncov/need-estra-precautions/older-adults.html (last accessed Sept. 11, 2020).

[6] FPC Alderson has 98 inmates with completed COVID-19 tests, 2 inmates with pending tests, and 0 inmates with positive tests. https://www.bop.gov/coronavirus/ (last visited September 11, 2020).

case.[7] Defendant pleaded guilty to and was convicted of serious offenses. She faced a sentencing guideline range of 63 to 78 months. In sentencing Defendant to 60 months, 3 months below the applicable guideline range, the Court took into consideration Defendant's unique circumstances, including the family circumstances she raises in her motion. In the relatively short time since Defendant was sentenced (8 months ago), aside from the COVID-19 pandemic, none of the relevant considerations have changed. Defendant did not begin serving her sentence until March of 2020 and has served only a small fraction of her sentence. Under these circumstances, a reduction in Defendant's sentence would minimize Defendant's actions and undermine the need to promote respect for the law and afford adequate deterrence to criminal conduct.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

DATED this 11th day of September, 2020.

BY THE COURT:

_____
Dee Benson
United States District Judge

---

[7] Pursuant to 18 U.S.C. § 3553(a), in determining the particular sentence to be imposed, the Court shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and provide the defendant effective training and treatment; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range applicable to the category of offense committed; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.